# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIA HARRIS, As Special Administrator of the Estate of Renita Anderson, deceased.** ) ) ) ) | |
| **Plaintiff,** ) ) | Case No. 08-CV-0912-MJR |
| v. ) ) | |
| **UNITED STATES OF AMERICA,** ) ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On December 23, 2008, Harris filed the above-captioned medical malpractice action under the Federal Tort Claims Act (Doc 2). On April 2, 2009, the United States filed a motion to dismiss the action under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc 6). Specifically, the United States argues that the affidavit attached to Harris's complaint does not comply with the requirements of **735 ILCS § 5/2-622**.

**Section 2-622** requires that "the plaintiff's attorney . . . shall file an affidavit, attached to the original and all copies of the complaint . . . ." verifying that the attorney consulted with a health professional prior to filing the action to confirm that there is "a reasonable and meritorious cause for the filing of such action." Here, the complaint includes an affidavit dated July 14, 2004, which was signed by an individual other than the attorney who filed the complaint (Doc. 2-2, Exh. D).[1] The United States claims that the plain language of the statute and its purpose would be

---

[1] At the time this action was filed, Staci M. Yandle represented the Plaintiff. However, the affidavit attached to the complaint is signed by Harris's former attorney, Roy Alexander.

undermined if the attorney who filed the action on behalf of a claimant was not required to personally submit such an affidavit.

While the United States's position may be correct, the Court need not reach this issue because Harris has moved for leave to amend her complaint so as to include a § 2-622 affidavit from her current counsel (Doc. 12; *see* Doc. 11).[2] It is worth noting that the United States has not filed any objection to this course of action.

Whether to permit amendment of the complaint is within the sound discretion of the Court. Having fully considered the parties' filings, the Court will allow Harris to amend her complaint so as to include Yandle's affidavit. Accordingly, the Court hereby **DENIES** the United States's motion to dismiss (Doc. 6), **GRANTS** Harris's motion for leave to file a supplemental affidavit (Doc. 12), and **DIRECTS** Harris to file an amended complaint **no later than July 1, 2009.** This Order only permits amendment of the complaint to the extent that it pertains to the inclusion of Yandle's affidavit.

**IT IS SO ORDERED**

**DATED this 24th day of June 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**

---

Apparently, that affidavit was executed for the purposes of filing a separate suit based on the same facts, which this Court dismissed without prejudice for failure to exhaust administrative remedies (*see* Case No. 04-0790-MJR, Doc. 17, June 9, 2005).

[2] In doing so, Harris does not concede that there was any defect with the affidavit she originally attached to the complaint.